741 A.2d 528

David KIRBY

v.

Helen Christine KIRBY.

No. 6396, Sept. Term, 1998.

Court of Special Appeals of Maryland.

Dec. 2, 1999.

Walter T. Evans, Rockville, for appellant.

James J. Fitzgibbons (Thomas H. Price, III, P.A., on the brief), Silver Springs, for appellee.

Argued before SALMON, ADKINS, and PAUL E. ALPERT (Retired, Specially Assigned), JJ.

ADKINS, Judge.

We must decide in this appeal whether the Circuit Court for Prince George's County erred in enforcing a consent order and ordering David Kirby, appellant, to pay one-half of the college tuition of two adult children born during his marriage to Helen Christine Kirby, appellee. For the reasons that follow, we find no error in the decision of the trial court and affirm the holding below.

## FACTS AND LEGAL PROCEEDINGS

Appellant and appellee were married on April 14, 1968, and divorced in October 1984. During the marriage, the parties had three children, the two youngest being Kerry, born January 14, 1976, and Kelly, born January 23, 1977. After their divorce, while litigation was pending pertaining to child support and visitation matters, the parties signed a consent order, which was executed by the Circuit Court for Prince George's County on December 26, 1985. The consent order provided, in part:

ORDERED, that the husband shall pay one-half of all net costs of tuition, books, room and board, school transportation and other educational fees incurred by each child for college, technical and vocation training beyond high school, provided, however, that said obligation shall not exceed the amount charged a Maryland resident at the University of Maryland. Said obligation for payment of said schooling shall continue as long as the child is a full-time student in pursuit of an undergraduate technical or vocational degree, but for not longer than four years....

Appellee sued appellant to recover one-half of the educational expenses she paid for the college education of Kerry and Kelly. At a hearing before a domestic relations master, evidence was presented that Kerry and Kelly attended the University of Maryland. Kerry began her studies in 1994 and graduated in December 1997. Kelly entered college in 1995 and was scheduled to graduate in May 1999. Appellant,

however, ceased making payments toward the education of his children in the fall of 1996.

Appellant argued to the master, and later to the circuit court, that he was not required to pay for Kerry and Kelly's education because it was beyond the authority of the court to enforce a consent order requiring him to pay for his children's education. Both the master and the circuit court rejected this argument, and the circuit court, adopting the recommendations of the master, ordered appellant to pay $8,925.09, representing his share of the college education expenses. This appeal followed.

## DISCUSSION

Appellant contends that the consent order provision relating to his children's education is unenforceable because the obligation to pay the educational expenses of one's children terminates when the children reach the age of majority, which is defined by statute as eighteen years of age. *See* Md.Code (1957, 1998 Repl.Vol.), Art. 1, § 24. He contends that Maryland law only permits enforcement of contractual obligations respecting support for adult children if they are contained in a property settlement agreement. We reject appellant's contention, and explain.

Appellant correctly states that a court cannot require a parent to support a child after the child reaches the age of eighteen. *See Quarles v. Quarles,* 62 Md.App. 394, 403, 489 A.2d 559 (1985). Parents can, however, contractually obligate themselves to support a child after the age of majority, and incorporate such agreement into an enforceable consent order.

"[A] consent order is a valid contract between the parties that is judicially enforceable." *A.H. Smith Assocs. Ltd. Partnership v. Maryland Dept. of Env't,* 116 Md.App. 233, 243, 695 A.2d 1252 (1997). Consent orders "have attributes of both contracts and judicial decrees." *Chernick v. Chernick,* 327 Md. 470, 478, 610 A.2d 770 (1992). Because a

consent judgment is the product of a negotiation, it "is subject to construction as a contract." *Ramsey, Inc. v. Davis,* 66 Md.App. 717, 727, 505 A.2d 899, *cert. denied,* 306 Md. 514, 510 A.2d 260 (1986). Where the language of the consent decree is clear and unambiguous, all terms in the decree "are to be given their plain meaning in construing the order." *Shanty Town Assocs. Ltd. Partnership v. Department of Env't,* 92 Md.App. 103, 112, 607 A.2d 66, *cert. denied,* 328 Md. 94, 612 A.2d 1316 (1992).

■ "[I]f parties stipulate to terms embodied in a proposed consent order, the fact that a court must approve and sign the order does not affect the parties' ability to reach a valid agreement." *Chernick,* 327 Md. at 479, 610 A.2d 770. In *Chernick,* the parties agreed to a consent order in which Mr. Chernick's obligation to pay alimony was terminated, but Ms. Chernick reserved future entitlement to alimony. Ms. Chernick argued that she was not bound by the terms of the consent order because she withdrew her consent prior to the order being signed by the court. The Court of Appeals held that the order was enforceable even in the absence of the court's approval because the fact that a court must sign the order does not affect the parties' ability to reach an agreement. *Id.*

■ Appellant contends that the consent order in the present case is unenforceable because the underlying agreement was not a "property settlement agreement." He argues that our prior decision in *Corry v. O'Neill,* 105 Md.App. 112, 658 A.2d 1155 (1995), imposes such requirement in order for a consent order respecting child support obligations for periods after a child's age of majority to be enforceable. We do not agree with appellant's interpretation of *Corry.*

In *Corry,* the parties entered a written separation and property settlement agreement in which the father agreed to pay child support in the amount of $100 per month for each child, until such child reached age twenty-one. Pursuant to a stipulation between the parties after the separation agreement, the trial court modified the amount of child support to

$250 per month for two children,[1] and the higher sum was included in the divorce decree. The father's appeal raised the issue of whether the modified, higher amount could be enforced against him after each child reached age eighteen, the age of majority. We held that when the younger child reached age eighteen, the father was only obligated to pay $100 per month per child, the amount originally agreed upon in the support agreement. Appellant relies on this holding to support his contention that a consent decree relating to support of a child must be supported by a written property agreement to be enforceable beyond the age of majority. We think that a careful reading of the *Corry* opinion makes it clear that this Court declined to enforce the increased support beyond the age of majority because it considered both modifications as having been judicially imposed. Nothing in the opinion suggests that the Court intended to draw a distinction between support agreements incorporated in property settlement agreements and those not so incorporated. Because there was a stipulation by the parties in *Corry* that the father would pay $250 per month at the time of the divorce, and a later stipulation increasing the amount to $350 per month, the increased obligation may not, in fact, have been judicially imposed. *See id.* at 115, 658 A.2d 1155. The Court's analysis, however, addressed only the issue of whether a judicially imposed increase in child support could be enforced after age twenty-one, when the statutory age of majority was eighteen. We think the Court viewed the increased amount of support as judicially imposed, with respect to the years after the children reached age eighteen, because the parties' stipulations did not specify that the increased amount would continue past the age of majority.

Our interpretation of *Corry* is best explained by setting forth the pertinent passage from Judge Bloom's opinion:

---

1. The divorce decree set forth the total child support obligation for both children, rather than a per child amount. Expressed in these terms, it represented a fifty dollar per month increase over that contained in the original separation and property settlement agreement.

In Maryland, prior to 1973, the age of majority was twenty-one years. [In 1973], however, the General Assembly of Maryland lowered the age of majority to eighteen.

\* \* \*

A court can require a parent to support a healthy child only until the child reaches majority. The parents can, however, contractually obligate themselves to support a child for a longer period, and a court can enforce such an obligation if the parties consent to have the agreement incorporated or merged into the judgment of divorce.

In the case *sub judice*, the settlement agreement that the court incorporated by reference into the divorce decree provided that appellee would

> pay unto the Wife for the support and maintenance of each of the two minor children of the parties . . . the sum of One Hundred Dollars ($100.00) per month per child, or a total of Two Hundred Dollars ($200.00) per month for all two of said children. Said payments with respect to each child shall cease and terminate upon the first to occur of any of the following events as to any such child: (a) arrival at age 21; . . . .

**Despite the parties' agreement,** which calls for appellee to pay $100 per month for the support of each of the two children, **the divorce decree ordered appellee to pay $250 per month, later increased to $350 per month, as child support.** Unquestionably, the court had the authority to modify the parties' agreement 'in respect to [the] infants as to the court may seem proper, looking always to the best interests of such infants.' . . . **There has never been any dispute, therefore, as to the power of the circuit court to modify the agreement as to the *amount* of child support.** Indeed, appellant agreed to such a modification. The issue in this case is whether the modification of the parties' agreement as to the amount of child support continues in effect beyond the child's minority. **Appellee contends that the judicial modification of the parties' agreement, increasing appellee's child support obligation,** ceased to be

in effect when Brandon attained the age of eighteen, and that thereafter appellee's obligation for child support reverted to the contractually fixed amount of $100 per month.

We believe that that contention, as novel as it may seem at first glance, is correct. We find that the statutory references to 'infants' and 'the best interests of such infants' in the statute in effect at the time of the settlement agreement and the divorce decree and to the 'minor child' and the 'best interests of the child' in the current statute to be significant. They constitute an acknowledgment that the court's jurisdiction over the support of a child and the protection of the child's best interests extends only during the child's minority.

*Id.* at 117–20, 658 A.2d 1155 (citations omitted) (emphasis in bold added).

An examination of the quoted passage from *Corry* reveals that the Court was focusing on whether a court has the power to extend a **judicial modification** of child support beyond the age of majority. Indeed, Judge Bloom was quick to explain that a

court may, of course, enforce an agreement to support a child after the child attains his or her majority and, by incorporating the agreement into a decree, enforce the obligation either as a contractual one or as one imposed by a judgment. But *in the absence of an agreement,* a parent could not be forced to support a healthy adult child.

*Id.* at 120, 658 A.2d 1155 (citation omitted) (emphasis added).

As indicated previously, we consider it significant that, unlike the present case, the parties' stipulation in *Corry* did not address the duration of the increased amount of support. *See Corry* Record Extract filed in this Court in No. 1291, September Term, 1994. The parties in *Corry* only stipulated to the **amount** of support. In the present case, the parties clearly contemplated in their written consent order that the expenses for college education were to be paid after the children reached age eighteen. Ordinarily, students do not attend college until they are approximately eighteen, and the

consent order stated that "[s]aid obligation for payment of said schooling shall continue as long as the child is a full-time student in pursuit of an undergraduate technical or vacation degree, but for not longer than four years." In contrast to *Corry*, there is no reasonable inference from the parties' agreement that they intended the college expense obligation to terminate at age eighteen.

It is the party's contractual agreement to support a child beyond the age of majority that is the foundation for the court's authority to issue and enforce a consent decree. *See Chernick*, 327 Md. at 478, 610 A.2d 770 ("Consent judgments . . . are essentially agreements entered into by the parties which must be endorsed by the court."). The court's power to enforce a consent decree does not turn on whether the parties' agreement is contained in a property settlement agreement or an agreement to settle litigation. Nothing in the *Corry* opinion suggests otherwise.

Appellant also relies on the decisions by the Court of Appeals in *McCready v. McCready*, 323 Md. 476, 483–84, 593 A.2d 1128 (1991), and *Raible v. Raible*, 242 Md. 586, 596–97, 219 A.2d 777 (1966), which both held, with respect to the requirement that one show a material change in circumstances to justify modification of a custody decree, that there is no distinction between a decree adjudicated by the court after a hearing on the merits, and a decree entered by agreement of the parties. *See also Shrivastava v. Mates*, 93 Md.App. 320, 333–34, 612 A.2d 313 (1992) (holding that child support guidelines were equally applicable to litigated orders and child support). We do not see how these holdings support appellant's arguments.

Appellant agreed to pay one-half of his children's undergraduate, technical, and vocational training based on the Maryland resident rate of tuition at the University of Maryland for no longer than four years. Both Kerry and Kelly finished their studies at the University of Maryland within the required time frame. Appellant cannot now deny responsibility to satisfy an obligation that he has contracted to perform. We

find no error in the decision of the circuit court to enforce the agreement.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**