Argued and submitted February 28, 2000, reversed and remanded April 3, 2002

Karen E. COHEN,
*Petitioner,*

*v.*

James W. POWERS,
*Respondent.*

STATE OF OREGON,
ex rel Gary L. WILLIAMS,
Crook County District Attorney;
and Karen E. Cohen,
*Respondents,*

*v.*

James W. POWERS,
*Appellant.*

92-SP-0047; A105660

43 P3d 1150

James W. Powers argued the cause and filed the briefs *pro se*.

Jas. Jeffrey Adams, Assistant Attorney General, argued the cause for respondents. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Armstrong, Presiding Judge, and Wollheim and Kistler, Judges.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Respondent James Powers brought a proceeding under the Uniform Interstate Family Support Act (UIFSA) to obtain a determination as to which of several court orders, issued in different states, controls his obligation to pay child support to his former spouse, Karen Cohen, for the parties' child, who is over the age of 18 and is attending college in Florida. The Crook County District Attorney, and then the circuit court, determined that a July 15, 1992, Crook County Circuit Court order is the controlling support order. The 1992 order provides for Powers to pay child support of $371 per month so long as the child is attending school. In Powers's view, an earlier Florida order, under which his support obligation has been satisfied, is the controlling order. He filed this appeal from the circuit court judgment. There are no factual disputes. We review the circuit court's judgment pursuant to ORS 183.500 for errors of law,[1] *Teel Irrigation District v. Water Resources Dept.*, 135 Or App 16, 22, 898 P2d 1344 (1995), *aff'd in part and vac'd in part* 323 Or 663, 919 P2d 1172 (1996), and reverse.

The parties were married in 1979. On February 28, 1980, their son was born in Oregon, where the parties resided together until they separated in 1982 and Cohen moved to Alabama. In September 1982, the parties' marriage was dissolved by a judgment of the Circuit Court for Escambia County, Alabama, which awarded custody of the parties' child to Cohen and ordered Powers to pay Cohen "the sum of One Hundred Dollars ($100) per month as child support with said support payments to begin on October 1, 1982." The judgment did not state the duration of the support payments. Cohen later moved to Florida. On July 9, 1987, at Cohen's request, the Circuit Court of the Ninth Judicial Circuit for Orange County, Florida, issued an "Order Domesticating Foreign Judgment," stating in its entire substance that "the Petition to Domesticate Foreign Judgment is hereby GRANTED" and that "[t]he Judgment of Divorce entered by the Circuit Court of Escambia County, Alabama, * * * is

---

[1] The district attorney's order is an order in other than a contested case. OAR 461-195-2385.

hereby domesticated and made a judgment of the State of Florida and entitled to enforcement herein."

Cohen subsequently filed a motion in the Florida circuit court for an "Order Permitting Payment of Support Through the Clerk of the Ninth Judicial Circuit Court"; Powers appeared and filed a motion for a continuance. On November 20, 1987, the Florida court denied Powers's motion for a continuance and granted Cohen's motion, specifically providing for "payment of support to the clerk of the ninth circuit," along with a monthly $3 "Clerk's fee." The November 20, 1987, order further provided:

> "JAMES W. POWERS * * * shall pay, as and for support of the minor child of the parties * * * the sum of One Hundred Dollars ($100.00) per month beginning the 1st day of December, 1987, and continuing every month thereafter until the child has reached the age of eighteen (18) years, married, died, or been otherwise emancipated."

On July 15, 1992, on stipulation of the parties, the Circuit Court of Crook County, Oregon, entered a "stipulation and order of support," requiring Powers to pay $371 in monthly child support "so long as [the parties' child] is a 'child attending school' as set forth in ORS 107.108." The child is now over the age of 18 and attends college in Florida. Cohen continues to reside in Florida; Powers lives in Oregon.

As among these multiple orders, Powers contends that the second Florida order is the "controlling" support order and that, under it, his obligation to pay support has ended. Cohen, by and through the State of Oregon, contends that the Crook County Circuit Court is the only court that has "continuing, exclusive jurisdiction" over the parties' support obligations and, as a consequence, that the 1992 Crook County support order is the controlling order.

When there are multiple support orders in different states, UIFSA provides the procedure for determining which order is the controlling order. The uniform law came into existence in 1992 and was adopted in Oregon in 1994. It has been codified in ORS chapter 110. It has also been adopted in each of the states involved in this case. ORS 110.333(2) provides, in part:

"If a proceeding is brought under [ORS 110.303 to ORS 110.452], and two or more child support orders have been issued by tribunals of this state or another state with regard to the same obligor and child, a tribunal of this state shall apply the following rules in determining which order to recognize for purposes of continuing, exclusive jurisdiction:

"(a)   If only one of the tribunals would have continuing, exclusive jurisdiction under [ORS 110.303 to ORS 110.452], the order of that tribunal controls and must be so recognized.

"(b)   If more than one of the tribunals would have continuing, exclusive jurisdiction under [ORS 110.303 to ORS 110.452], an order issued by a tribunal in the current home state of the child controls and must be so recognized, but if an order has not been issued in the current home state of the child, the order most recently issued controls and must be so recognized."

Under the statute, when child support orders have been issued by more than one tribunal, the determination must be made whether more than one tribunal would have "continuing, exclusive jurisdiction" over support. If only one tribunal has continuing, exclusive jurisdiction, then the order of that tribunal is the controlling order. If more than one tribunal has continuing, exclusive jurisdiction, then the order issued by the tribunal in the current home state of the child controls, if such an order exists.

Under the terms of UIFSA, a tribunal "issuing a [child] support order consistent with the laws of [the] state" has continuing, exclusive jurisdiction over the parties' child support order "as long as [the] state remains the residence of the obligor, the individual obligee or the child for whose benefit the support order is issued." ORS 110.327(1)(a). Thus, the child's or one of the parties' residency in the state in which the child support order was issued is necessary for the state to have continuing, exclusive jurisdiction over the order. The parties agree that the Alabama court lacks continuing, exclusive jurisdiction over the support order for the child, because no party resides in Alabama. Both the child and Cohen reside in Florida. Thus, if a Florida court has issued a child support

order, then that court has continuing, exclusive jurisdiction over the order.

■ ORS 110.303(21) defines a support order as

"a judgment, decree or order, whether temporary, final or subject to modification, for the benefit of a child * * * which provides for monetary support, health care, arrearages or reimbursement, and may include related costs and fees, interest, income withholding, attorney fees and other relief."

In the state's view, the second Florida order was not a support order but, rather, was merely ancillary to the registration and enforcement of the Alabama order, in making provision for the clerk of the Florida court to receive payment and in establishing a $3 monthly administration fee. We reject that contention. Although the second Florida order included administrative provisions that are reasonably viewed as ancillary to the first order registering the Alabama judgment, the second order also made a substantive provision for support. It stated the amount of monetary child support to be paid by Powers, the duration of support, and the date on which payment of support was to commence. As the trial court noted, the second Florida order actually modified the Alabama judgment by shortening the duration of the child support obligation from the child's attainment of age 19, as would have been required by Alabama law, to age 18. In any event, it would not be significant to us if the Florida order had merely restated the terms of the Alabama order; it ordered payment of support. *Cf. Commonwealth of Virginia v. Richter*, 23 Va App 186, 475 SE2d 817 (1996) (order merely barred automatic withholding of child support and stayed further action; it did not determine merits of any claim or defense and did not provide for payment of monetary support). The statute requires nothing more.

■ The state urges that the fact that the second Florida order stated or restated the terms of the Alabama child support order does not make it a support order "issued" by the Florida court. The state refers us to definitions contained in ORS 110.303 for the terms "issuing state" and "register":

> "(9)  'Issuing state' means the state in which a tribunal *issues a support order* or renders a judgment determining parentage.
>
> "* * * * *
>
> "(14)  'Register' means to record or file a support order or judgment determining parentage in the appropriate location for the recording or filing of foreign judgments generally or foreign support orders specifically."

(Emphasis added.) As the state notes, the acts of "issuance" and "registration" of orders are distinct. An issuing state is simply one in which a tribunal "issues" a support order. Further, ORS 110.303(10) defines an "issuing tribunal" as a tribunal that "issues a support order." In contrast, the "registration" of a support order is the recording or filing of an already-existing order in the appropriate location for the registration of foreign judgments. A "registering tribunal" is a tribunal in which a support order is registered. ORS 110.303(15). There can be no reasonable dispute that the first order issued by the Florida court merely registered the Alabama dissolution judgment. In UIFSA terms, Alabama was the "issuing state," and the Florida court was the "registering tribunal." Also, under the terms of UIFSA, the Florida court could not have modified the Alabama judgment without a motion for modification from Powers, the only party to the Alabama order who was not a Florida resident. ORS 110.432. There is no indication on this record that any party moved to modify the Alabama judgment.

The gist of the state's argument is that, having registered the Alabama judgment, the Florida court could not become an "issuing tribunal" under UIFSA without having properly modified the Alabama order under the terms of UIFSA. The flaw in the state's reasoning is that neither the Alabama court nor the Florida court was subject to UIFSA on November 20, 1987, when the Florida court issued its second order. ORS 110.342 states that the provisions of UIFSA regarding modification of a child support order apply only to support orders issued pursuant to UIFSA; accordingly, whether the second Florida order properly modified the Alabama order is not evaluated under UIFSA and is not really at issue here. *See State ex rel Leo v. Tuthill,* 170 Or App

79, 11 P3d 270 (2000). In this proceeding, the purpose of which is to determine which of several orders is the controlling order, we evaluate the second Florida order not for whether it was issued in compliance with the terms of UIFSA, which did not exist at the time of its issuance, but for whether it is a support order as defined in ORS 110.303. The state offers no other rationale for why the second Florida order, which orders payment of support, would not be a valid support order under the laws of the State of Florida as they existed when the order was issued.[2]

Because the Florida court's order of November 20, 1987, was a support order as defined in ORS 110.303(21), and because both the child and Cohen live in Florida, Florida has continuing, exclusive jurisdiction over its 1987 child support order. And further, because the child's home state is Florida, the Florida order is the controlling order pursuant to ORS 110.333(2). The trial court therefore erred in concluding that the stipulated Oregon order is the controlling order.

Reversed and remanded.

---

[2] We note that the state's offered rationale would also undermine the Oregon order, which ordered support without having complied, before enactment, with UIFSA's provisions for registration and modification of the Alabama order, and which the state asserts is the controlling order. To the extent that there is any confusion on this point, the Commentary to UIFSA explains that an original order of an issuing tribunal remains valid and enforceable even though all individual parties have left the issuing state and the issuing state no longer has "continuing, exclusive jurisdiction." The issuing state's order would remain in effect under UIFSA until properly modified in accordance with the terms of UIFSA. Commentary to Uniform Interstate Family Support Act § 205, 9 ULA, Part IB at 286 (1996).