(65 P.3d 539)
No. 88,755

In the Matter of the Marriage of LU ANN DOETZL, *Appellee,* and MILTON JEROME WATSON, *Appellant.*

Opinion filed March 14, 2003.

*Joseph W. Booth,* of Rose, Nelson & Booth, of Overland Park, for appellant.

*Melinda S. Whitman,* of Overland Park, for appellee.

Before BEIER, P.J., ELLIOTT and GREEN, JJ.

GREEN, J.: Milton Jerome Watson appeals from a judgment of the trial court declining to modify a Missouri child support order based on the Uniform Interstate Family Support Act (UIFSA), K.S.A. 23-9,101 *et seq.* We affirm.

The facts of this case are undisputed. Lu Ann Doetzl and Watson were divorced in Jackson County, Missouri, on April 22, 1997. During the marriage, the couple had two children, James (who was born on March 15, 1983) and Elizabeth (who was born on October 10, 1984). James graduated from high school in May 2001 and is now a full-time college student.

Neither the original divorce decree nor the settlement agreement was included in the record on appeal. According to the trial court's memorandum decision, Doetzl and Watson's original divorce was settled by agreement and provided for Watson to pay child support in the amount of $750 per month to continue until the children had reached majority or until they had become emancipated.

The last child support order from the Jackson County Circuit Court was entered on May 29, 1997, and required Watson to pay child support in the amount of $810 per month. In addition, the order also stated that Doetzl could move with the children to Johnson County, Kansas. Watson also later moved to Johnson County.

When the Jackson County child support order was registered in Johnson County on May 11, 2001, Watson moved to modify the order. Watson alleged that his child support obligation should end because James had reached the age of majority under K.S.A. 60-

1610. In Kansas, child support terminates upon the child reaching age 18 or upon graduation from high school unless an agreement provides otherwise. K.S.A. 2002 Supp. 60-1610(a)(1). Missouri allows for support obligations to extend beyond the age of 18 if the child is enrolled in college; the support continues until the child completes his or her education or reaches the age of 22, whichever occurs first. Mo. Rev. Stat. § 452.340.3(5) (2002).

Following a hearing on the matter, the trial court denied Watson's motion to modify child support, holding that Kansas could not modify a Missouri order because the Missouri courts did not have discretion to modify it.

Watson argues that the trial court erred in determining that duration was a non-modifiable aspect of a Missouri child support order when a child was over 18 years of age. Because all parties now reside in Kansas, Watson contends that Kansas procedural and substantive laws should apply to shorten the duration of his support payments.

Resolution of this case involves interpretation of certain provisions of UIFSA, as well as Kansas and Missouri statutory law. Statutory interpretation is a question of law over which this court has unlimited review. Appellate courts are not bound by the trial court's interpretation of a statute. *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 (2000).

"It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in it." *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 378, 22 P.3d 124 (2001) (citing *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 [1998]).

"Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them

consistent, harmonious, and sensible." *State v. Engles,* 270 Kan. 530, 533, 17 P.3d 355 (2001).

The Uniform Reciprocal Enforcement of Support Act (URESA) of 1970, K.S.A. 23-451 *et seq.,* was repealed by the Kansas Legislature effective July 1, 1995. In its place, the legislature adopted the UIFSA. *Gentzel v. Williams,* 25 Kan. App. 2d 552, 555, 965 P.2d 855 (1998). UIFSA was promulgated and intended to be used as a procedural mechanism for the establishment, modification, and enforcement of child support and spousal support obligations. It established a one-order system that required all states adopting UIFSA to recognize and enforce the obligation consistently. *Gentzel,* 25 Kan. App. 2d at 556-57.

At issue in the present case are two UIFSA provisions. UIFSA § 613, adopted in Kansas as K.S.A. 2002 Supp. 23-9,613, provides in relevant part:

"(a) If all of the parties who are individuals reside in this state and the child does not reside in the issuing state, a tribunal of this state has jurisdiction to enforce and to modify the issuing state's child support order in a proceeding to register that order.

"(b) A tribunal of this state exercising jurisdiction under this section shall apply the provisions of K.S.A. 23-4,106, 23-4,107, 23-9,101, 23-9,102, 23-9,103, 23-9,201 through 23-9,209, 23-9,601 through 23-9,611 and amendments thereto, and the procedural and substantive law of this state to the proceeding for enforcement or *modification.*" (Emphasis added.)

UIFSA § 611(c), adopted in Kansas as K.S.A. 2002 Supp. 23-9,611(c), provides: "A tribunal of this state may not modify any aspect of a child support order that may not be modified under the law of the issuing state."

Under K.S.A. 2002 Supp. 23-9,613(a), a Kansas court has jurisdiction to modify the support orders in this case because all of the parties and the children now reside in Kansas. Under K.S.A. 2002 Supp. 23-9,613(b), the procedural and substantive law of Kansas would be applied "to the proceeding for. . . modification" unless that is precluded by K.S.A. 2002 Supp. 23-9,611(c). K.S.A. 2002 Supp. 23-9,613(b) provides that K.S.A. 2002 Supp. 23-9,611 continues to apply even when all of the parties have moved to Kansas.

As a result, this case turns on the question: Is the duration of Watson's child support obligation modifiable under Missouri law?

Watson argues that Missouri law provides several options under which the duration of child support may be modified. For example, child support may be extended beyond age 18 if the child becomes physically or mentally incapacitated. Mo. Rev. Stat. § 452.340.4 (2002). Even a child who attends college, for whom support is usually owed until the child reaches age 22, receives support only "so long as" the child completes at least 12 hours each semester with "grades sufficient to reenroll at such institution." Mo. Rev. Stat. § 452.340.5 (2002).

The relevant Missouri child support statute states in part:

"3. Unless the circumstances of the child manifestly dictate otherwise and the court specifically so provides, the obligation of a parent to make child support payments shall terminate when the child:

(1) Dies;

(2) Marries;

(3) Enters active duty in the military;

(4) Becomes self-supporting, provided that the custodial parent has relinquished the child from parental control by express or implied consent;

(5) Reaches age eighteen, unless the provisions of subsection 4 or 5 of this section apply; or

(6) Reaches age twenty-two, unless the provisions of the child support order specifically extend the parental support order past the child's twenty-second birthday for reasons provided by subsection 4 of this section.

"4. If the child is physically or mentally incapacitated from supporting himself and insolvent and unmarried, the court may extend the parental support obligation past the child's eighteenth birthday.

"5. If when a child reaches age eighteen, the child is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue, if the child continues to attend and progresses toward completion of said program, until the child completes such program or reaches age twenty-one, whichever first occurs. If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-two, whichever first occurs." Mo. Rev. Stat. § 452.340 (2002).

The aim of this statute is to assist children of divorced parents in obtaining post-secondary education with assistance from the parents. *Crawford v. Crawford*, 986 S.W.2d 525, 531 (Mo. App. 1999). Where the child is not physically or mentally incapacitated, in order for child support payments to continue after the child's 18th birthday, the trial court must find that the provisions of § 452.340.5 have been satisfied. *Lyons v. Sloop*, 40 S.W.3d 1, 8 (Mo. App. 2001). Conversely, termination of the requirement to continue to pay child support under Mo. Rev. Stat. § 452.340.5 only occurs when the trial court finds that the statutory prerequisites have not been met. See *Kessinger v. Kessinger*, 829 S.W.2d 658, 660 (Mo. App. 1992).

Watson relies on *Cavallari v. Martin*, 169 Vt. 210, 732 A.2d 739 (1999), which held that where the parties have become residents of the state in which modification is sought since the date of the original order, the support order may be modified to reduce the duration of the support obligation to correspond with the age of majority in the parties' new state of residence. However, as the trial court noted, *Cavallari* was decided before Vermont adopted UIFSA and therefore is not persuasive authority.

Recently, this court in *In re Marriage of Riggle*, 30 Kan. App. 2d 967, 52 P.3d 360, *rev. denied* 274 Kan. 1112 (2002), dealt with an issue very similar to the present one.

In *Riggle,* the parties were residents of Missouri when they divorced and negotiated an agreement in which the father was to pay child support for their two children, Brian and Kevin. Kevin was a full-time college student when the father moved to terminate child support, and the Missouri trial court had held that Kevin was entitled to child support through the age of 22, as long as he remained a student in good standing.

In March 2001, the Kansas trial court received a notice of registration of the Missouri support order under UIFSA. At the hearing on the issue of registration, all of the relevant parties were Kansas residents. The father also moved to modify child support, arguing his child support obligation should end under K.S.A. 2002 Supp. 60-1610(a) because Kevin had reached the age of majority. The trial court determined that child support in Missouri for a child

after he or she reaches the age of 18 was modifiable under Mo. Rev. Stat. § 452.340(5), and held that the procedural and substantive law of Kansas would be applied in determining the duration of support.

The mother appealed, questioning whether a Missouri support order was modifiable under Missouri law and whether Kansas or Missouri law should have been applied to determine how long the father was required to pay child support.

The *Riggle* court held that as long as a child was in compliance with Mo. Rev. Stat. § 452.340.5, child support may not be terminated for a child over the age of 18. The court noted that the language of the statute was mandatory: The " 'parental support obligation *shall* continue until the child completes his or her education, or until the child reaches the age of twenty-two.' (Emphasis added.)" 30 Kan. App. 2d at 976. Additionally, the court determined that K.S.A. 23-9,604(a) clearly establishes that the duration of child support payments must be determined under the law of the issuing state, and the court remanded the case to the trial court to apply Missouri law to the duration of the support payments.

Because the duration of child support is modifiable in Missouri in only limited, specified situations, the duration of child support is not modifiable when those limited, specified situations are not present. Additionally, the language in Mo. Rev. Stat. § 452.340.3(5), providing that the "parental support obligation *shall* continue until the child completes his or her education, or until the child reaches the age of twenty-two," (emphasis added) indicates the Missouri Legislature did not intend for duration of child support to be modifiable by the Missouri courts.

Clearly, the duration of child support was not modifiable by a Missouri court under the present facts. Therefore, we determine that the trial court lacked jurisdiction to modify the duration of Watson's support obligation.

Affirmed.