Dawn M. SHEETZ, Appellant,

v.

Steven E. SHEETZ, Appellee.

Superior Court of Pennsylvania.

Submitted Oct. 20, 2003.

Filed Dec. 29, 2003.

Andrew B. Brown, York, for appellant.

Steven M. Sheetz, Hyndman, for appellee.

Before: JOHNSON, JOYCE and TAMILIA, JJ.

OPINION BY JOHNSON, J.:

¶ 1 Dawn M. Sheetz (Mother) appeals the trial court's order dismissing her complaint seeking support from Steven Sheetz (Father) for their son (Son). The case involves the application of the Uniform Interstate Family Support Act (UIFSA), 23 Pa.C.S. §§ 7101–7901, to a support order registered in Pennsylvania that was originally issued by a Maryland court and to a new support complaint. Under Maryland law, the original order should have terminated when Son reached the age of eighteen on November 29, 2002, even though Son had yet to graduate high school. Mother asserts that the trial court erred when it held that Maryland law con-

trolled the termination of the child support order and failed to apply either Pennsylvania law or an agreement between the parties which would have extended the support period past Son's eighteenth birthday. She further contends that, even if Maryland law controlled the support order's termination, the court erred in barring her from obtaining a new support order. For the following reasons, we affirm the trial court's order.

¶ 2 Mother gave birth to Son on November 29, 1984. The parties divorced on May 29, 1990 pursuant to a Maryland order which referenced the parties' agreement dated June 21, 1988. Mother filed an initial interstate petition for support in March 1991 in York County which was forwarded to the Maryland courts for resolution. The parties' agreement states that support will terminate when Son reaches the age of twenty-five, marries, obtains full-time employment, enters the military or graduates high school.

¶ 3 Prior to January 2002, Father moved to Pennsylvania, where Mother and Son were already residing. In January 2002, the York County Court of Common Pleas entered an order registering an October 1994 support order from Baltimore County, Maryland. The January 2002 order stated *"Regardless of any future modifications of the terms of the order, duration, which is a non-modifiable aspect of the controlling Maryland order, is governed by Maryland law, where a minor support obligation ends at age [eighteen]."* Order, 1/28/02 (emphasis in original). In March 2002, the York County Court modified the order, the details of which are not relevant to the present litigation. In October 2002, the court ordered the suspension of support effective November 29, 2002, when Son turned eighteen. Mother did not contest the duration of any of the court's orders. Mother then filed a second support complaint in York County in January 2003.

¶ 4 The court dismissed the complaint based on the conclusion that the "the controlling order in this case was a Maryland order which pursuant to UIFSA controls the case for all time" and because Mother had failed to raise the issue of duration of the original support order in any of the prior proceedings. Order, 2/3/03. The court apparently erroneously found that Mother first attached the parties' 1988 agreement to her 2002 complaint; however, included in the reproduced record is an April 2003 letter from the court stating that the agreement had been submitted in 1992. Mother then filed a motion for a *de novo* hearing.

¶ 5 In March 2003, at the conclusion of the hearing, the Honorable John W. Thomas of the York County Court of Common Pleas dismissed the complaint finding that the Maryland support order was the controlling order in the case. The court found that the Maryland order established that the support terminated on Son's eighteenth birthday, November 29, 2002, and that under Maryland law, duration was a non-modifiable aspect of a support order. The court also noted Mother's prior failure to raise the issue of alternative emancipation terms. The court, however, alluded to the possibility that Mother could enforce the parties' agreement under general contract law. Mother appeals the order dismissing the second support complaint.

¶ 6 Mother states the following questions for our review:

I. Did the lower court err as to a matter of law in holding that Maryland law controlled on the question of termination of [Father's] child support obligation when both parties and the child resided in Pennsylvania at the time of the filing of the complaint and the parties' Property

Settlement Agreement specifically barred termination of support until a date later than the child's eighteenth birthday?

II. In the alternative, if Maryland law controlled for termination purposes of the out-of-state registered order, does this preclude [Mother] from initiating a new support complaint in Pennsylvania when all parties and the child were residing in Pennsylvania at the time of the commencement of the new complaint?

Brief for Appellant at 5.

 ¶ 7 We review a trial court's child support order for abuse of discretion. *See Kersey v. Jefferson,* 791 A.2d 419, 422 (Pa.Super.2002). Mother presents this court with questions of law regarding the application of UIFSA. Therefore, our scope of review is plenary. *See Lewis v. Phila. Newspapers, Inc.,* 833 A.2d 185, 190 (Pa.Super.2003).

¶ 8 As the present case involves the application of UIFSA to an order originally entered by a Maryland Court which has been properly registered for enforcement in Pennsylvania, we will briefly restate the history and purpose of the UIFSA. In 1992, the National Conference on Uniform State Laws ("Conference") approved UIFSA as a replacement for the Uniform Reciprocal Enforcement of Support Act (URESA) and its revised version, RURESA. *See* 23 Pa.C.S. Part VIII, Uniform Law Comments: Prefatory Note. Congress then mandated enactment of a 1996 revised version by tying such enactment to eligibility for federal funding for child support enforcement. *See id.* (citing 42 U.S.C. § 666). One of the primary purposes of UIFSA was to create a "one-order" system to replace the prior system under URESA and RURESA, which allowed for the same parties and child to be subject to multiple child support orders at any one time. *See* 23 Pa.C.S. § 7207 cmt. UIFSA establishes a procedure to determine which order should control and which court should have "continuing, exclusive jurisdiction." 23 Pa.C.S. § 7207. UIFSA also establishes strict procedures governing the enforcement and modification of an order should circumstances exist requiring a new state to assume continuing, exclusive jurisdiction. 23 Pa.C.S. §§ 7609–14. At present, all but a handful of states have adopted the UIFSA and the 1996 amendments. Pennsylvania's adoption became effective in January 1998.

¶ 9 We also note that the trial court relies on a new set of amendments which were adopted in 2001 by the Conference. The 2001 amendments have been adopted only by Washington and California. In both states, the adoption is contingent on other events such as an amendment to 42 U.S.C. § 666 mandating such adoption.

 ¶ 10 In her first question, Mother contends that the trial court erred when it found that Maryland law, rather than Pennsylvania law or the parties' agreement, controlled the termination date of Father's support obligation. Brief for Appellant at 10. Under Maryland law, the obligation terminated when Son turned eighteen, *see Kirby v. Kirby,* 129 Md.App. 212, 741 A.2d 528, 530 (1999), whereas under Pennsylvania law and the parties' agreement, the obligation would not have terminated until Son graduated high school, approximately six-months after his eighteenth birthday. *See Nicholason v. Follweiler,* 735 A.2d 1275, 1278 (Pa.Super.1999). Mother argues that the termination date set forth in the agreement should control even if Maryland law was applied because the agreement was part of the order when it was originally registered in Pennsylvania. Brief for Appellant at 11. Alternatively, she argues that under 23

Pa.C.S. § 7613, the trial court should have applied Pennsylvania procedural and substantive law since all parties were Pennsylvania residents at the time of the order. Brief for Appellant at 11–12.

¶ 11 Like the trial court, we dismiss Mother's argument relating to the application of the parties' agreement because Mother failed to raise such issue during any of the proceedings prior to the filing of the 2002 support complaint. In regard to her assertion of error relating to Section 7613, we agree that Pennsylvania clearly has jurisdiction to enforce and modify the order as all parties, including Son, live in Pennsylvania. *See* 23 Pa.C.S. § 7613(a) ("If all of the parties who are individuals reside in this State and the child does not reside in the issuing state, a tribunal of this State has jurisdiction to enforce and to modify the issuing state's child support order in a proceeding to register that order."). Furthermore, Mother correctly states that Section 7613(b) requires the court to apply Pennsylvania procedural and substantive law to the modification proceeding. *See* 23 Pa. C.S. § 7613(b). Mother, however, fails to note the comment to Section 7613 which is directly applicable to this case:

> Finally, because modification of the child support order when all parties reside in the forum is essentially an intrastate matter, Subsection (b) withdraws authority to apply most of the substantive and procedural provisions of UIFSA, i.e., those found in the Act other than in Articles 1, 2, and 6. *Note, however, that the provision in Section [7]611(c) forbidding modification of nonmodifiable aspects of the controlling order applies. For example, the duration of the support obligation remains fixed despite the subsequent residence of all parties in a new state with a different duration of child support.*

23 Pa.C.S. § 7613, cmt. (emphasis added). As referenced in the comment, Section 7611(c) states that a trial court "may not modify any aspect of a child support order that may not be modified under the law of the issuing state." 23 Pa.C.S. § 7611(c). Our review of the UIFSA caselaw reveals that only our sister court in Kansas has published a decision involving the application of UIFSA sections corresponding to Sections 7611(c) and 7613. In two similar cases, the Kansas Court of Appeals concluded that, even though both mother and father resided in Kansas, a Kansas trial court could not modify the duration of a child support obligation originally issued in Missouri where such duration was not modifiable under Missouri law. *See In re Marriage of Doetzl,* 31 Kan.App.2d 331, 65 P.3d 539, 542 (2003); *In re Marriage of Riggle,* 30 Kan.App.2d 967, 52 P.3d 360 (2002). In this case, the parties do not dispute that under Maryland law, "a court cannot require a parent to support a child after the child reaches the age of eighteen." *Kirby,* 741 A.2d at 530. Therefore, we conclude that the trial court did not err in concluding that Father's support obligation terminated on Son's eighteenth birthday.

¶ 12 In her second question, "[f]or the same reasons articulated in the previous section of argument, Mother argues that [Section 7613] does not preclude her from initiating a new child support action" in Pennsylvania after the expiration of the Maryland order. Brief for Appellant at 13. She argues that UISFA did not apply at the time of filing because all the parties were living in Pennsylvania. Brief for Appellant at 13–14.

¶ 13 The trial court found that allowing a second support obligation after the original obligation expired would "thwart the clear intent of the duration limitations of UIFSA (2001)." Trial Court Opinion, 6/25/03, at 6.

While we agree with the trial court, we note that the court relies upon and previously quotes at length in his opinion the 2001 amendments which have yet to be adopted in Pennsylvania.

¶ 14 While we recognize that these amendments and their comments are not binding, they are instructive as to the interpretation of the present UIFSA as adopted in Pennsylvania. We note that the 2001 amendments in fact make it explicit that a second order would not be allowable under UIFSA (2001):

> In a proceeding to modify a child-support order, the law of the State that is determined to have issued the initial controlling order governs the duration of the obligation of support. The obligor's fulfillment of the duty of support established by that order precludes imposition of a further obligation of support by a tribunal of this State.

UIFSA (2001) § 611(d). The comments as quoted by the trial court elaborate on this issue:

> From its original promulgation[,] UIFSA determined that the duration of [a] child-support obligation should be fixed by the controlling order.... If the language was insufficiently specific before [2001], the amendments should make this decision absolutely clear. The original time frame for support is not modifiable unless the law of the issuing State provides for modification of its duration. Some courts have sought to subvert this policy by holding that completion of the obligation to support a child through age 18 established by the now-completed controlling order does not preclude the imposition of a new obligation thereafter to support the child through age 21 or even to age 23 if the child is enrolled in higher education. Subsection (d) is designed to eliminate these attempts to create multiple, albeit successive, support obligations.

*Id.*, cmt. (citation omitted).

¶ 15 As we previously concluded, Sections 7611(c) and 7613 do not allow for the modification of the duration of the original order. Granting a second support obligation under Pennsylvania law would thwart the application of Sections 7611(c) and 7613 and the one-order purpose of the current UIFSA. *See* 23 Pa.C.S. § 7207(a) ("If a proceeding is brought under this part and only one tribunal has issued a child support order, the order of that tribunal controls and must be so recognized.") Furthermore, we recognize the public policy of preventing "parents who are being paid support on behalf of children from seeking out states for sufficient but temporary residence in order to seek modification because of such distinctions." *Nelson v. Halley*, 827 So.2d 42, 51 (Miss. Ct.App.2002). Therefore, we conclude that the trial court did not err as a matter of law in dismissing Mother's complaint.

¶ 16 Order AFFIRMED.