**STATE of Missouri ex rel. Kenneth R. BRANTINGHAM, Relator,**

v.

**Honorable Jack R. GRATE, Jr., Circuit Judge, Div. 17, Jackson County, Missouri, 16th Judicial Circuit, Respondent.**

**No. WD 66767.**

Missouri Court of Appeals,
Western District.

Nov. 14, 2006.

Anita I. Rodarte, Kansas City, MO, for Appellant.

Kevin Patrick Hoop, Kansas City, MO, for Respondent.

Before JAMES M. SMART, JR., P.J., VICTOR C. HOWARD, and LISA WHITE HARDWICK, JJ.

JAMES M. SMART, JR., Judge.

Kenneth R. Brantingham, the Relator in this proceeding, seeks an order in prohibition to prevent the respondent circuit judge from proceeding further to preside over the pending motion for modification filed by Tamela Brantingham in *In re the Marriage of: Tammy L. (Brantingham) Crandell and Kenneth R. Brantingham,* case number 16DR96–02191–01 in the Circuit Court of Jackson County, Missouri. We issued a preliminary writ on April 4, 2006. Having fully considered the matter following briefing and argument, we now make the preliminary order absolute.

### Procedural and Factual Background

For simplicity's sake, we will refer to the Relator, Kenneth R. Brantingham, as "Kenneth" and the Mother, Tamela L. (Brantingham) Crandell, as "Tamela." The relevant facts are not disputed.

On August 23, 1996, the Circuit Court of Jackson County, Missouri, issued a Judgment of Dissolution of Marriage between Tamela and Kenneth. The Judgment of Dissolution of Marriage awarded Tamela and Kenneth joint legal and physical custody of their two children, Katelyn R. Brantingham, born March 29, 1986, and Bethany L. Brantingham, born August 14, 1988. Kenneth was ordered to pay Tamela $735 per month in child support for the two children.

Tamela and the two children moved and established their residence in the State of Kansas in early 1999, and all three have continuously resided in the State of Kansas since that date. At some point before the year 2002, Kenneth also established residency in the State of Kansas. Sometime in October 2002, Katelyn and Bethany began residing with Kenneth in Overland Park, Johnson County, Kansas.

On March 28, 2005, Kenneth filed a motion to modify custody in the Circuit Court of Jackson County, Missouri. Kenneth's motion requested an abatement of child support, as well as modification of custody and the parenting plan. On or about March 31, 2005, Kenneth registered the August 23, 1996, Missouri judgment of custody and support with the District Court of Johnson County, Kansas.

Tamela filed her initial answer and counter-motion to modify on May 2, 2005, wherein she sought only attorney's fees and the allocation of the tax exemption. Kenneth voluntarily dismissed his motion to modify custody, child support and for abatement of child support on December 19, 2005. On December 27, 2005, Tamela was granted leave to file an amended counter-motion for modification of child support. On January 23, 2006, Kenneth filed a motion to dismiss Tamela's amended counter-motion to modify child support for lack of subject matter jurisdiction pursuant to the Uniform Interstate Family Support Act. On February 15, 2006, the circuit judge entered an order denying Kenneth's motion to dismiss.

On April 3, 2006, Kenneth filed his Petition for writ of prohibition with this court. We issued a preliminary writ of prohibition on April 4, 2006. We now make the preliminary writ absolute.

## Writ of Prohibition

A writ of prohibition is extraordinary and should be used with great caution and only in cases of extreme necessity. *State ex rel. Fortner v. Rolf,* 183 S.W.3d 249, 251 (Mo.App.2005). It should be granted only when it is clear that the trial court is exceeding its jurisdiction. *State ex rel. Curators of Univ. of Mo. v. Moorhouse,* 181 S.W.3d 621, 623 (Mo.App.2006). A writ of prohibition is appropriate in three scenarios: to prevent the trial court from usurping judicial power when it lacks the requisite jurisdiction, to remedy an excess of jurisdiction or abuse of discretion when the lower court lacks the power to act, and to prevent a party from suffering irreparable harm. *State ex rel. Kemper v. Vincent,* 191 S.W.3d 45, 49 (Mo. banc 2006).

Kenneth here claims that the trial court lacks subject matter jurisdiction. Prohibition is appropriate where the circuit court lacks subject matter jurisdiction. *Moorhouse,* 181 S.W.3d at 623. The question of the circuit court's jurisdiction is an issue of law and, thus, our review is *de novo. McCoy v. Caldwell County,* 145 S.W.3d 427, 428 (Mo. banc 2004). However, the petitioning party has the burden to show that the trial court is attempting to exceed its jurisdiction. *State ex rel. Conners v. Miller,* 194 S.W.3d 911, 913 (Mo. App.2006).

### Subject Matter Jurisdiction

■ Kenneth claims that Missouri courts have lost subject matter jurisdiction over this dispute because both parents and the two children have now moved and established residency in Kansas. Tamela claims that because Kenneth originally filed his motion to modify in Missouri, and because she filed her counter-motion in Missouri, the parties have consented to the subject matter jurisdiction of Missouri.

Tamela's argument would be sound if it referred to personal jurisdiction. It is clear that both parties have submitted to personal jurisdiction in Missouri, and in fact, neither Kenneth nor Tamela contest that Missouri would have personal jurisdiction over the parties due to the parties' voluntary appearances in court. The dispute, instead, is over subject matter jurisdiction.

Subject matter jurisdiction over child support orders is governed by the Missouri codification of the Uniform Interstate Family Support Act (UIFSA or "the Uniform Act"). *Straight v. Straight,* 195 S.W.3d 461, 464 (Mo.App.2006). This is contained in Chapter 454 of the Revised Statutes of Missouri.[1] UIFSA became effective in Missouri in 1997. § 454.850 RSMo.

By issuing the original child support order, Missouri established continuing, exclusive jurisdiction over the dispute unless certain criteria were met which would cause Missouri to lose its continuing, exclusive jurisdiction. § 454.867 RSMo. Section 454.867 RSMo, which is the equivalent of section 205 of the Uniform Act, contains the following relevant language:

(a) A tribunal of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a child support order:

(1) as long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or

(2) until each individual party has filed written consent with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.

Kenneth argues that by the plain language of section 454.867(a)(1), Missouri has lost jurisdiction over the dispute because all parties and the children no longer reside in Missouri. The comments to this section of the Uniform Act state:

Just as Subsection (a)(1) defines the retention of continuing, exclusive jurisdiction, by clear implication the subsection also defines how jurisdiction to modify may be lost. That is, if all the relevant persons ... have permanently left the issuing state, the issuing state no longer has an appropriate nexus with the parties or child to justify exercise of jurisdiction to modify.

UIFSA § 205, 9 U.L.A. 339 cmt. at 340 (2005). The drafters intended that once all parties and the children no longer live in the issuing state, the issuing state lost its continuing, exclusive jurisdiction. *See* Janet E. Atkinson & Laura W. Morgan, *The Uniform Interstate Family Support Act: 1999 Comprehensive Update,* 11 No. 9 DIVORCE LITIG. 173, § II(B)(1) (1999).

Although Missouri courts have not directly addressed this issue, this court has held that Missouri retains continuing, exclusive jurisdiction as long as one party remains a resident of the state. *Straight,* 195 S.W.3d at 465. In so holding, the

---

**1.** All statutory references are to the Revised Statutes of Missouri 2000, unless otherwise noted.

court noted that Missouri established jurisdiction by entering the original child support order, and had only retained it because the Father was still a resident of Missouri. *Id.*

In addition, every state in the nation has adopted UIFSA in some form, and all states that have addressed this issue under UIFSA have found that once all parties and the children no longer reside in the issuing state, the issuing state loses its jurisdiction. *See In re Marriage of Myers,* 30 Kan.App.2d 1223, 56 P.3d 1286 (2002); *Cohen v. Powers,* 180 Or.App. 409, 43 P.3d 1150 (2002); *In the Interest of B.O.G.,* 48 S.W.3d 312 (Tex.App.2001); *Jurado v. Brashear,* 782 So.2d 575 (La.2001); *Etter v. Etter,* 18 P.3d 1088 (Okla.Civ.App.2001); *Groseth v. Groseth,* 257 Neb. 525, 600 N.W.2d 159 (1999).

UIFSA also addresses how jurisdiction can be obtained by a state that did not issue the original child support order. Section 611 of UIFSA (§ 454.973 RSMo) addresses the situation in which the parties all move out of the issuing state, but do not reside in the same forum state. Section 613 of UIFSA (§ 454.978 RSMo) addresses the situation in which all parties leave the issuing state and also reside in the same forum state, such as is the case here.

The State of Kansas has also adopted UIFSA. Under its version, the relevant statute states:

> If all of the parties who are individuals reside in this state and the child does not reside in the issuing state, a tribunal of this state has jurisdiction to enforce and to modify the issuing state's child support order....

Kan. Stat. Ann. § 23–9, 613. Kansas courts have interpreted this to mean that in a circumstance where Missouri issued the original child support order, but all parties and children currently reside in Kansas, a Kansas court would have jurisdiction to modify the order. *In re Marriage of Doetzl,* 31 Kan.App.2d 331, 65 P.3d 539, 542 (2003). This is exactly the case before us now. If this case had been brought in a Kansas court, the court would have assumed continuing, exclusive jurisdiction over the matter. The comments to section 613 of the Uniform Act state:

> This section is designed to make it clear that when the issuing state no longer has continuing, exclusive jurisdiction and the obligor and obligee reside in the same state, a tribunal of that state has jurisdiction to modify the child support order and assume continuing, exclusive jurisdiction.

UIFSA § 613, 9 U.L.A. 454 cmt. If Kansas is able to assume jurisdiction, Missouri has obviously lost its continuing, exclusive jurisdiction.

■ Because Missouri has lost its continuing, exclusive jurisdiction under section 454.867(a)(1), Tamela's only argument left is that Kenneth somehow consented to the subject matter jurisdiction of the courts in Missouri. It is agreed that Kenneth did submit to the personal jurisdiction of the Missouri court. But the question is whether he consented to subject matter jurisdiction in Missouri.

It is unclear which section of Missouri's UIFSA Tamela is relying on to claim that Kenneth consented to the jurisdiction of the court. It appears to be either section 454.867(a)(2) or section 454.973(a)(2). Neither argument works.

Section 454.867(a)(2) states that a tribunal with continuing, exclusive jurisdiction can lose such jurisdiction if all individual parties file written consent with the issuing tribunal requesting that the tribunal of another state assume such jurisdiction. In other words, section 454.867(a)(2) is just another method for the issuing state to

lose its continuing, exclusive jurisdiction. Even though one of the parties or the affected children might still reside in the issuing state, the parties can agree to litigate their dispute in another jurisdiction by filing consent with the issuing state's court. It is not a method to confer continuing, exclusive jurisdiction back to an issuing state that subsequently lost jurisdiction. *See* UIFSA § 205, 9 U.L.A. 339 cmt. at 341; *see also* Atkinson, *supra*, at II(B)(1).

Section 454.973 deals with when a non-issuing tribunal may modify an order that has been issued in another state. Section 454.973(a)(2) gives a non-issuing tribunal the ability to modify an order issued by another state if an individual party or the affected child is subject to the personal jurisdiction of the non-issuing tribunal and all parties have filed written consent with the issuing tribunal. Missouri is not the non-issuing tribunal. This section, therefore, does not apply here.

In short, under section 454.867(a)(1), Missouri lost its subject matter jurisdiction over the parties when all parties and the affected children moved out of the State of Missouri and into Kansas. Nothing the parties have done has again conferred subject matter jurisdiction on the court. The circuit court exceeded its jurisdiction in denying the motion to dismiss.

### Conclusion

For all of the foregoing reasons, it is clear as a matter of law that the court is exceeding its jurisdiction in denying the motion to dismiss. The preliminary writ of prohibition is made absolute.

HOWARD and HARDWICK, JJ., concur.