In re the MARRIAGE OF Linda
STEWART and Thomas E.
Stewart, II.

Linda Stewart n/k/a Linda F. Duncan,
Petitioner/Respondent,

v.

Thomas E. Stewart, II,
Respondent/Appellant.

No. ED 87811.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 30, 2007.

Linda Duncan, Round Rock, TX, pro se.

Jack Fishman, St. Louis, MO, for appellant.

KATHIANNE KNAUP CRANE, Judge.

Father appeals from the trial court's judgment denying his amended motion to

modify child support in which he sought an order abating child support pursuant to Section 452.340.2 RSMo (2000)[1] on the grounds that mother had voluntarily relinquished custody of daughter in August 2000. We reverse and remand to the trial court with instructions to dismiss the action because Missouri courts have no subject matter jurisdiction over motions to modify support orders when neither father, mother, nor the affected child reside in Missouri.

On July 16, 1993, the trial court entered a decree of dissolution dissolving the marriage of Linda Stewart, now known as Linda Duncan (mother), and Thomas E. Stewart (father). The trial court awarded mother primary care, custody, and control of the two minor children, a son born April 19, 1981 and a daughter born January 24, 1984, and ordered father to pay $735 per month per child in child support.

On June 17, 2005, father filed an "Amended Motion to Modify--For Abatement of Child Support and Transfer Custody." At the hearing on the motion, father clarified that he was only seeking relief with respect to the daughter. After the hearing, the trial court entered a judgment denying father's motion.

On appeal, father asserts that the trial court erred in denying his motion to modify in that it did not make a finding that mother had voluntarily relinquished custody of the daughter to father in 2000, because uncontroverted evidence supported that finding, and it further erred in not abating the amount of child support claimed by the Division of Social Services.

■ Before we can consider the merits of this appeal, we must determine our jurisdiction to do so. *Govern. e–Manage-ment v. American Arbitration,* 142 S.W.3d 857, 860 (Mo.App.2004). Even if none of the parties has raised the issue of appellate jurisdiction, we may examine *sua sponte* whether the trial court had subject matter jurisdiction. *Jew v. Home Depot USA, Inc.,* 126 S.W.3d 394, 397 (Mo.App. 2004). Because our jurisdiction is predicated on that of the trial court, if the trial court entered a judgment on the merits when it had no jurisdiction, its judgment is void, and we have no jurisdiction except to reverse and remand the cause for dismissal by the trial court. *Govern. e–Manage-ment,* 142 S.W.3d at 860.

■ Father's amended motion to modify did not seek a court order mandating a change of custody of the children, but rather it sought abatement of child support after September 2000 on the grounds that mother had voluntarily relinquished custody in August 2000, invoking section 452.340.2, the statute governing allocation of child support. He sought a finding recognizing that mother had voluntarily relinquished custody under this statute and that he was, therefore, entitled to an order abating his child support.

Subject matter jurisdiction over child support orders is governed by the Missouri codification of the Uniform Interstate Family Support Act (UIFSA). *State ex rel. Brantingham v. Grate,* 205 S.W.3d 317, 320 (Mo.App.2006). UIFSA is codified in Chapter 454 of the Missouri statutes and became effective in Missouri in 1997. Section 454.850; *Brantingham,* 205 S.W.3d at 320.

When it issued the original child support order, Missouri established continuing, exclusive jurisdiction over the order. Section 454.867(a); *Brantingham,* 205 S.W.3d

---

**1.** All further statutory references are to the Revised Statutes of Missouri 2000, unless otherwise noted.

at 320. Section 454.867(a) provides that the jurisdiction is continuing and exclusive:

> (1) as long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or

> (2) until each individual party has filed written consent with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.

In this case, the amended motion to modify did not allege that father, mother, or the daughter remained a resident of Missouri. Rather, the motion and attached exhibits indicated that father had moved to Texas prior to 1995 and was still a Texas resident, that mother and the children had moved to Kansas in 1993, that mother's last known address was in Kansas, and that daughter had moved to Texas in 2000 and had remained there, except for a six month period in Oregon. Father testified to these facts and also testified that the daughter was currently residing in Kansas and had not been in the State of Missouri for "some time."

Our Western District has recently held that Missouri courts lose jurisdiction over a support order when the parties and the affected children no longer reside in Missouri. *Brantingham*, 205 S.W.3d at 320–21. In reaching this conclusion, the court observed that section 454.867(a) is the equivalent of section 205 of the UIFSA, and the comments to section 205 of the UIFSA state:

> Just as Subsection (a)(1) defines the retention of continuing, exclusive jurisdiction, by clear implication the subsection also defines how jurisdiction to modify may be lost. That is, if all the relevant persons ... have permanently left the issuing state, the issuing state no longer has an appropriate nexus with the par-

ties or child to justify exercise of jurisdiction to modify.

*Brantingham*, 205 S.W.3d at 320 (quoting UIFSA Section 205, 9 U.L.A. 339 cmt. at 340 (2005)). *Brantingham* pointed out that the drafters of section 205 intended that once all parties and the children no longer live in the issuing state, the issuing state loses its continuing, exclusive jurisdiction. 205 S.W.3d at 320 (citing Janet E. Atkinson & Laura W. Morgan, *The Uniform Interstate Family Support Act: 1999 Comprehensive Update*, 11 No. 9 DIVORCE LITIG. 173, Section II(B)(1) (1999)). *Brantingham* further observed that all states that have addressed this issue under their versions of this section of UIFSA have found that once all parties and the children no longer reside in the issuing state, the issuing state loses its jurisdiction. *Id.* at 321.

In *Brantingham*, the court held that the trial court had no jurisdiction over the mother's motion to modify a Missouri child support order because both parents and the children affected by the support order had moved out of the state of Missouri. *Brantingham* applies to this case. Under section 454.867(a)(1), Missouri lost its subject matter jurisdiction over the support order when mother, father and the daughter moved out of the State of Missouri. The circuit court had no jurisdiction over the motion to modify child support.

We reverse the judgment of the trial court and remand with instructions to dismiss the cause for lack of subject matter jurisdiction.

ROY L. RICHTER, P.J. and SHERRI B. SULLIVAN, J., concur.