[No. 18080-8-III.　Division Three.　January 18, 2000.]

*In the Matter of the Marriage of* MAUREEN M. ERICKSON, *Appellant*, and RODGER J. ERICKSON, *Respondent*.

*Michael P. Price* and *Marla Carey*, for appellant.

*Shawn D. Price-Sladich*, for respondent.

SCHULTHEIS, J. — Maureen and Rodger Erickson divorced in California. Later, Ms. Erickson moved to Washington with the couple's three children. When she petitioned in Spokane County for modification of Mr. Erickson's child support and spousal maintenance obligation, he challenged the court's jurisdiction and pleaded forum non conveniens. Ms. Erickson's petitions were dismissed and she now appeals, contending Washington has jurisdiction and is the

most convenient and appropriate forum for these actions. We affirm and remand with directions to forward the petitions to the California tribunal.

In June 1994 the Ericksons were divorced in Orange County, California. Their dissolution decree provided that Mr. Erickson would pay child support according to a schedule that began with monthly payments of $2,982 in April 1994, decreasing to $2,320 by September 1998. Spousal support was also set to decrease over time, from $994 per month in April 1994 to $610 in October 1997. The spousal maintenance was to end on September 30, 1998, while child support would continue until each child was 19 years old or had met other conditions of emancipation.[1] Ms. Erickson and the children later moved to Spokane, Washington, with Mr. Erickson's consent.

According to the declaration of Mr. Erickson's California attorney, Ms. Erickson appealed the order of dissolution, which was finally affirmed in the California appellate court in the fall of 1997. During this time she also sued her first attorney for malpractice and brought several unsuccessful motions to modify the trial court's rulings. In the course of bringing and defending these motions and the appeal and negotiating the decree agreement, the parties have amassed several volumes of record in California. Mr. Erickson's attorney claims he answered three sets of discovery involving hundreds of pages. Ms. Erickson does not refute these facts.

In the most recent California order regarding these parties, entered May 6, 1998, Mr. Erickson agreed to pay Ms. Erickson the proceeds from the sale of the family residence—$59,000—as back support. Additionally, the court noted that "existing child support and spousal support orders shall remain in full force and effect, subject to the right to seek modification by either party." By this order, the court concluded, all issues were resolved arising

---

[1]The decree states that spousal support would cease on September 30, 1998, "[a]t which time, spousal support shall be reduced to a reservation of jurisdiction."

out of the June 1994 dissolution judgment. One month later, Ms. Erickson filed her petition in Spokane County for child support modification. Mr. Erickson was served with the summons while he was in the state visiting his children. He answered in August 1998, contending the petition should be dismissed for lack of jurisdiction. In September, he moved for dismissal. Later that month, Ms. Erickson filed a petition for extension of spousal maintenance beyond the September 1998 cutoff date. Again, Mr. Erickson was served with the summons while he visited his children in Spokane.

Both petitions were considered by the superior court commissioner in October 1998. The commissioner dismissed the petitions on the basis of forum non conveniens, additionally finding lack of jurisdiction over the maintenance agreement. Ms. Erickson's motion for reconsideration was denied and she moved for revision in superior court. Finding that it had concurrent jurisdiction over the child support issues but that Washington was an inconvenient forum, and finding that it had no jurisdiction over the maintenance agreement, the court denied Ms. Erickson's motion for revision. She now appeals.

We first examine the bases for Washington jurisdiction over Mr. Erickson and over the subject matter of Ms. Erickson's petitions. The parties discuss only in personam jurisdiction. As we shall see, subject matter jurisdiction alone supports dismissal of the petitions.

I. Personal Jurisdiction. Mr. Erickson was served with the two summonses while he was voluntarily present in Washington to visit his children. He and Ms. Erickson mistakenly assert that the court commissioner and the trial court found lack of personal jurisdiction. On the contrary, both judicial bodies found lack of jurisdiction over the California spousal support order, not lack of jurisdiction over Mr. Erickson. RCW 26.21.075(1) provides that a state tribunal may exercise personal jurisdiction over a nonresident in a proceeding to modify a support order if the individual is personally served with a summons within

the state. Mr. Erickson's presence in the state at the times he was served with process was sufficient to establish personal jurisdiction.

II. Subject Matter Jurisdiction. Even though Ms. Erickson properly established the state court's jurisdiction over Mr. Erickson, she cannot establish that Washington has jurisdiction over modification of the California orders of child support and spousal support.

■ In 1993, the Washington Legislature enacted the Uniform Interstate Family Support Act (UIFSA), RCW 26.21. Pursuant to RCW 26.21.115(4), "[a] tribunal of this state shall recognize the continuing, exclusive jurisdiction of a tribunal of another state that has issued a child support order pursuant to this chapter or a law substantially similar to this chapter." *See also* RCW 26.21.135(1), (4). Once an out-of-state child support order is registered in this state, the Washington court must recognize and enforce such an order, but may not modify it unless the order meets certain conditions. RCW 26.21.500(2), (3); .570. In this case, Ms. Erickson did not register the support order in Washington. Consequently, the Washington court never assumed jurisdiction over enforcement of the order.

■ The conditions for modification of another state's child support order are outlined in RCW 26.21.580 and RCW 26.21.595. Pursuant to statute, modification of another state's order is possible after notice and a hearing only if (1) the child, the obligee and the obligor do not live in the issuing state, the petitioner is a nonresident of this state, and the respondent is subject to the personal jurisdiction of this state; (2) the child or a party is subject to the personal jurisdiction of this state and all of the parties have filed written consent in the issuing tribunal, allowing a Washington tribunal to modify the support order and to assume continuing, exclusive jurisdiction over the order; or (3) all of the parties live in this state and the child does not live in the issuing state. RCW 26.21.580(1), .595(1). In the case before us, only the children and the petitioner live in this state, the respondent still lives in the issuing state,

and the respondent has not consented to Washington's jurisdiction for the purposes of modification. Under these circumstances, the Washington court does not have jurisdiction over the subject matter and must dismiss the proceedings and forward the petition to the issuing state tribunal. RCW 26.21.095, .127, .255.

■ As for Ms. Erickson's petition to modify and extend maintenance, UIFSA provides that "[a] tribunal of this state may not modify a spousal support order issued by a tribunal of another state having continuous, exclusive jurisdiction over that order under the law of that state." RCW 26.21.115(6). Because California, like Washington, has adopted the UIFSA (*see* CAL. FAM. CODE §§ 4900-5005 (West), the California court maintains continuous, exclusive jurisdiction over the spousal support order as long as Mr. Erickson lives there and the support order continues. CAL. FAM. CODE § 4909(a)(1), (f) (West). Although the last payment was made by post-dated check earlier, the spousal support order continued in effect until September 30, 1998. California retained exclusive jurisdiction over the order until that time and reserved jurisdiction afterward.

In light of our holding, we need not reach Ms. Erickson's remaining contention that the trial court erred in finding that Washington was the least convenient forum for her petitions. Considering the clear directives of RCW 26.21 and Mr. Erickson's refusal to consent to Washington's jurisdiction, the trial court should have transferred the proceedings to the California court without reaching the issue of this forum's convenience. RCW 26.21.255. The Washington court simply did not have subject matter jurisdiction over either of the petitions for support modification. Accordingly, it had no discretion to consider the relative convenience of the California and Washington forums.

Affirmed; remanded to the trial court with directions to forward the petitions to the California tribunal pursuant to RCW 26.21.255.

SWEENEY and KATO, JJ., concur.