IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CAROL MARIE (ALMGREN) SCHNEIDER, | ) ) ) | No. 30911-8-III |
| Respondent, | ) ) ) | |
| v. | ) ) | |
| JEFFREY JOSEPH ALMGREN, | ) ) | UNPUBLISHED OPINION |
| Appellant. | ) ) | |

BROWN, J. — In 2010, this court upheld an award of postsecondary educational support for Carol Schneider (formerly known as Almgren) and Jeffrey Almgren's daughter, A. *In re Marriage of Schneider*, noted at 157 Wn. App. 1045 (2010 WL 3304309) (unpublished). Under an interstate act interpreted for the first time, our Supreme Court applied Nebraska law, reversed, and remanded to the trial court to correct the order. *In re Marriage of Schneider*, 173 Wn.2d 353, 371, 268 P.3d 215 (2011). On remand, the trial court entered an order stating that child support in the form of postsecondary support ended on A.'s 19th birthday. Mr. Almgren appeals that order, contending the court's reference to postsecondary support was contrary to the Supreme Court's holding. We disagree, and affirm.

FACTS

Ms. Schneider and Mr. Almgren were divorced in Nebraska in 1997. *Schneider,* 173 Wn.2d at 356. The couple had two children. *Id.* In 2009, Ms. Schneider petitioned for postsecondary support for the parties' oldest child, A., who had turned 18 and was preparing to enter college. *Id.* at 357. Mr. Almgren filed a cross motion to downwardly modify child support for the parties' younger child, citing a recent job loss. *Id.* The trial court granted Ms. Schneider's motion for postsecondary educational support and denied Mr. Almgren's. *Id.*

Mr. Almgren appealed and this court affirmed. *Schneider,* noted at 2010 WL 3304309 at *8. The Supreme Court reversed and remanded, holding that the trial court lacked the authority to modify a child support order inconsistent with the laws of the state where the order was issued. *Schneider,* 173 Wn.2d at 370. The Court remanded for further proceedings consistent with its opinion. *Id.* at 371.

At the remand hearing, counsel for Mr. Almgren stated, "[I]f you look at what the Supreme Court said, child support ends at, ah - - ah, at 19." Report of Proceedings (RP) at 9. The court then ordered, "[A] final Order of Child Support entered on September 1, 2009, is modified to provide that child support ordered therein as post-secondary support for [A.] terminated on her 19th birthday." Clerk's Paper (CP) at 44. Mr. Almgren appealed.

2

ANALYSIS

The issue is whether the trial court erred in ordering, "child support ordered therein as post-secondary support for [A.] terminated on her 19th birthday." CP at 44. Mr. Almgren contends the reference to postsecondary support is contrary to the Supreme Court's remand instructions. We disagree.

RCW 26.21A.550(4) states, "In a proceeding to modify a child support order, the law of the state that is determined to have issued the initial controlling order governs the duration of the obligation of support." The age of majority in Nebraska, where child support was originally ordered in this case is 19 years. *Schneider*, 173 Wn.2d at 356 (citing Neb. Rev. Stat. § 42-371.01(1)). Consequently, the Nebraska court ordered support to terminate on A.'s 19th birthday. In 2007, a Washington court entered an order terminating child support on A.'s 18th birthday or when she graduates from high school. *Id.* In 2009, the Washington court entered an order, granting the mother's request for postsecondary support until A. reached the age of 23. *Id.* at 364.

Based on RCW 26.21A.550(4), our Supreme Court held that the Washington court lacked the authority to modify the duration of child support. *Schneider*, 173 Wn.2d at 367. The parties do not dispute that child support, therefore, ended at age 19, but Mr. Almgren unpersuasively argues the trial court should be limited on remand to the lower child support amount he paid before the trial court increased support payments to cover increased postsecondary expenses.

3

In 2007, the Washington trial court ordered the then existent child support to terminate at 18 and then postsecondary support to begin when A. started college. The Washington court labeled the new support as postsecondary whereas the Nebraska court terminated child support at age 19. The trial court on remand stated that "child support ordered therein as post-secondary support for [A.] terminated on her 19th birthday." CP at 44. The Washington trial court clearly referred to child support terminating at 19. The trial court's order is consistent with our Supreme Court's remand order; child support, however labeled, does not extend beyond A.'s 19th birthday.

Mr. Almgren requests attorney fees based on RCW 26.09.140. This statute authorizes our court to award attorney fees to a party in a dissolution action "after considering the financial resources of both parties." RCW 26.09.140. RAP 18.1(c), however, requires the parties to "file a financial affidavit no later than 10 days prior to the date the case is set for oral argument or consideration on the merits." Neither party submitted the required affidavits.

Stating Mr. Almgren's appeal is frivolous, Ms. Schneider requests attorney fees, but she fails to provide legal authority to support her request. This is improper under RAP 18.1(a) (request for attorney fees must include authority for the award). Moreover, while a close call, we cannot say this appeal was wholly without merit. Thus, her request is denied.

4

No. 30911-8-III
*In re Marriage of Schneider*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Brown, J.

WE CONCUR:

Korsmo, C.J.

Siddoway, J.

5