**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
JULY 2, 2020

~Stgrec, C.J.~
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
JULY 2, 2020

~Susan L Carlson~
SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION, | ) ) ) | No. 97910-3 |
| Petitioner, | ) ) | |
| v. | ) ) | En Banc |
| YAKIMA COUNTY, GRANITE NORTHWEST, INC., FRANK ROWLEY, and THE ROWLEY FAMILY TRUST, | ) ) ) ) ) | |
| Respondents. | ) ) | Filed July 2, 2020 |

MADSEN, J.—Under the Land Use Petition Act (LUPA), ch. 36.70C RCW, a petition must be filed in superior court within 21 days of the issuance of a final land use decision to obtain judicial review. RCW 36.70C.040. A land use decision is considered issued 3 days after a written decision is mailed to relevant parties or if the decision is enacted through a resolution or ordinance by a legislative body sitting in a quasi-judicial capacity. RCW 36.70C.040(4)(a)-(b). In Yakima County, a final land use decision, including a decision by the board of county commissioners, must be written. YAKIMA COUNTY CODE (YCC) 16B.09.050(5). Because the county code requires a written final

decision, issuance of its final land use decisions triggers RCW 36.70C.040(4)(a). In this case, the county executed a final decision in the form of a resolution that was mailed to the Confederated Tribes and Bands of the Yakama Nation (Yakama) on April 13, 2018. Yakama filed its land use petition in superior court 19 days later. Accordingly, Yakama's petition was timely filed. We therefore reverse the Court of Appeals.

## BACKGROUND

Granite Northwest sought to expand its mining operations in Yakima County. Yakama opposed the expansion, arguing it would disturb ancient burial grounds and a dedicated historical cemetery. Despite these objections, Yakima County issued a conditional use permit and a State Environmental Policy Act (SEPA), ch. 43.21C RCW, mitigated determination of nonsignificance to Granite Northwest. Yakama challenged both in superior court. The court later stayed the SEPA challenge while Yakama exhausted its administrative appeal of the conditional use permit as required by the county code.

In Yakama's administrative appeal, the hearing officer modified the conditional use permit to require a separate permit from the Washington State Department of Archaeology and Historic Preservation but affirmed Yakima County's issuance of the permit. The hearing examiner also addressed and upheld the SEPA mitigation determination related to the permit.[1] Yakama appealed the hearing examiner's decision

---

[1] The hearing examiner ruled it had jurisdiction to address the substantive SEPA mitigation measures, but not the county's decision to reject requiring an environmental impact statement, which was reserved for the trial court.

to the county board of commissioners. On April 10, 2018, at a public meeting where Yakama representatives were present, the board passed a resolution affirming the hearing officer's decision and denying Yakama's appeal. Three days later, a county planner sent an e-mail and letter to Yakama with the resolution attached. The letter noted the county code required written notification of the decision and stated that the administrative appeal had been exhausted.

On May 2, 2018, 22 days after the resolution was adopted and 19 days after the county planner's letter, Yakama filed a new LUPA petition in superior court. Yakima County and Granite Northwest (collectively, Granite NW) moved to dismiss the second petition as untimely under RCW 36.70C.040(4)(b) because the 21-day filing period began on the date the board of commissioners passed its resolution and Yakama's petition was 1 day late. Granite NW also moved to dismiss the previously stayed LUPA petition, arguing the stay was conditional on Yakama timely filing its administrative appeal. Yakama responded that RCW 36.70C.040(4)(b) was inapplicable and instead RCW 36.70C.040(4)(a) governed the filing period, which began when the county planner transmitted the written resolution to Yakama.

The superior court agreed with Yakama, finding Yakama's land use petition was timely filed, and accordingly, did not dismiss Yakama's earlier petition. The Court of Appeals reversed in an unpublished decision, concluding the later petition was not timely and did not address the previously stayed petition. *Confederated Tribes and Bands of Yakama Nation v. Yakima County*, No. 36334-1-III (Wash. Ct. App. Oct. 29, 2019)

3

(unpublished), http://www.courts.wa.gov/opinions/pdf/363341_unp.pdf. Yakama sought

review here, which we granted.

## ANALYSIS

LUPA is the "exclusive means of judicial review of land use decisions." RCW

36.70C.030. RCW 36.70C.040 identifies the date on which the government issues its

land use decision and announces the limitation period for filing a LUPA petition. The

statute provides, in relevant part:

> (1) Proceedings for review under this chapter shall be commenced by filing a land use petition in superior court.
>
> (2) A land use petition is barred, and the court may not grant review, unless the petition is timely filed with the court and timely served on the following persons who shall be parties to the review of the land use petition:
>
> . . . .
>
> (3) The petition is *timely* if it is filed and served on all parties listed in subsection (2) of this section *within twenty-one days of the issuance of the land use decision*.
>
> (4) For the purposes of this section, the date on which a land use decision is issued is:
>
> (a) Three days after a *written decision* is *mailed* by the local jurisdiction or, if not mailed, the date on which the local jurisdiction provides notice that a written decision is publicly available;
>
> (b) If the land use decision is made by ordinance or *resolution by a legislative body sitting in a quasi-judicial capacity*, the date the body passes the ordinance or resolution; or
>
> (c) If neither (a) nor (b) of this subsection applies, the date the decision is entered into the public record.

RCW 36.70C.040 (emphasis added). The Yakima County Code states that the "Board's

final written decision shall constitute a final administrative action for the purposes of

Chapter 36.70C RCW." YCC 16B.09.050(5).

4

The principle disagreement in this case is whether RCW 36.70C.040(4)(a) or (b) applies to Yakama's second LUPA petition. Granite NW argues that because the board of commissioners issued a written resolution while sitting in a quasi-judicial capacity, RCW 36.70C.040(4)(b) is triggered. Yakama contends that the county code's "written decision" requirement is an express reference to RCW 36.70C.040(4)(a), thus the county planner's letter[2] transmitting the written resolution triggers RCW 36.70C.040(4)(a). We agree with Yakama.

The meaning of a statute is a question of law we review de novo. *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010) (citing *Rozner v. City of Bellevue*, 116 Wn.2d 342, 347, 804 P.2d 24 (1991)). "Our fundamental purpose in construing statutes is to ascertain and carry out the intent of the legislature. We determine the intent of the legislature primarily from the statutory language." *In re Marriage of Schneider*, 173 Wn.2d 353, 363, 268 P.3d 215 (2011) (citation omitted). If the meaning of a statute is plain on its face, we "give effect to that plain meaning as an expression of legislative intent." *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002)).

As noted above, RCW 36.70C.040 recognizes three mechanisms a local jurisdiction may utilize to issue a land use decision: through a written decision sent by mail, an ordinance or resolution, or by entering the decision into the public record. RCW

---

[2] The county planner corresponded with Yakama through an e-mail containing a letter and the board's resolution. There is no dispute that this e-mail correspondence satisfies the "mailing" requirement of RCW 36.70C.040(4)(a).

36.70C.040(4)(a)-(c).  The statute relies on these issuance dates to determine when LUPA's 21-day filing period begins.  RCW 36.70C.040(3), (4).  Nothing in chapter 36.70C RCW requires a local jurisdiction to select one issuance procedure over another. Indeed, chapter 36.70C RCW anticipates that a local jurisdiction may decide which issuance procedure to use.  Thus, we look to the local Yakima county code for guidance in determining whether RCW 36.70C.040(4)(a) or (b) applies under the circumstances of this case.

The Yakima County Code requires a final land use decision, including a decision following review by the board of county commissioners, to be written "for the purposes of Chapter 36.70(c) RCW."  YCC 16B.09.050(5).  YCC 16B.09.050(5) and RCW 36.70C.040(4)(a) share the term "written decision."  YCC 16B.09.050(5)'s use of the term is a clear reference to RCW 36.70C.040(4)(a).

Here, the Board of Yakima County Commissioners met, voted, and reduced to writing its final land use decision at a public meeting on April 10, 2018.  On April 13, 2018, a county project planner sent a letter to Yakama, as per its county code, transmitting the board's written decision—the resolution.  YCC 16B.09.050(5) requires a final written decision, requiring transmission of that decision to Yakama, thereby triggering RCW 30.70C.040(4)(a).  Under the plain language of RCW 36.70C.040(4)(a), LUPA's 21-day filing period began 3 days after this mailing.  Therefore, we conclude that Yakama timely filed its LUPA petition in superior court 19 days after the written resolution was transmitted.

This interpretation comports with the purpose of LUPA. LUPA's stated purpose is "timely judicial review." RCW 36.70C.010. It establishes a uniform 21-day deadline for appealing the final decisions of local land use authorities and is intended to prevent parties from delaying judicial review at the conclusion of the local administrative process. *Habitat Watch v. Skagit County*, 155 Wn.2d 397, 407, 120 P.3d 56 (2005). LUPA balances the need for finality with the importance of judicial scrutiny. Here, Yakama was far from delaying timely judicial review. Even under Granite NW's reading of the filing deadline statutes, Yakama would be only a single day past the 21-day deadline. LUPA provides stringent statutory deadlines, *Asche v. Bloomquist*, 132 Wn. App. 784, 795, 133 P.3d 475 (2006), but these deadlines should not be so woodenly interpreted as to prevent judicial review on the merits.

Granite NW contends that RCW 36.70C.040(4)(b) governs in this case because the board of commissioners issued its land use decision by resolution. Yet the county code calls for a final land use decision to be written. The code could have provided that a board *resolution* "shall constitute a final administrative action for the purposes of Chapter 36.70(c) RCW," but it did not. YCC 16B.09.050(5). Furthermore, nothing in chapter 36.70C RCW indicates that once a resolution (or ordinance) is enacted, this date must trigger LUPA's 21-day deadline. Rather, RCW 36.70C.040(4) contemplates that local jurisdictions may select which issuance process it will use. The Yakima County Code elected to require written decisions with notice, and that election, when read in the context of LUPA, triggers RCW 36.70C.040(4)(a). *See* YCC 16B.09.050(5).

Granite NW also argues that *Northshore Investors, LLC v. City of Tacoma*, 174 Wn. App. 678, 687-90, 301 P.3d 1049 (2013), supports its reading of RCW 36.70C.040(4)(b). We reject this argument. In *Northshore*, the Court of Appeals considered whether LUPA's statute of limitations was triggered on the date the city council orally concurred with the hearing examiner's decision or the date the city clerk mailed a letter of appeal results. *Id*. at 687. The court explained that the city clerk did not mail a written decision but a notice of appeal *results*, which referred to the actions of the city council in past tense and was labeled a notice. *Id*. at 690. The court also noted that the Tacoma Municipal Code did not require the council to issue written decisions, and the language of the appeal results showed it was not a written decision under RCW 36.70C.040(4)(b). *Id.* at 688. Thus, the court held that RCW 36.70C.040(4)(c) applied. *Id*.

Here, unlike *Northshore*, the Yakima County Code requires issuance of a written decision, triggering the application of RCW 36.70C.040(4)(a). Additionally, unlike the parties in *Northshore*, Yakama does not argue the April 13 letter itself was the written decision rather that the letter transmitted the written decision, in the form of a resolution, as contemplated by RCW 36.70C.040(4)(a).[3]

---

[3] The parties raised a second issue for review: whether Yakima County sat in a quasi-judicial capacity under RCW 36.70C.040(4)(b) when enacting the land use resolution on April 10, 2018. Because we conclude that RCW 36.70C.040(4)(a) applies, it is not necessary to resolve this issue and we decline to address it.

## CONCLUSION

The Yakima County Code requires final land use decisions to be written. YCC 16B.09.050(5). Because the code elected to require written decisions with notice to interested parties, that election triggers RCW 36.70C.040(4)(a). Here, the Board of Yakima County Commissioners resolved Yakama's administrative appeal via a resolution, and as per YCC 16B.09.050(5), mailed the decision to Yakama. In turn, Yakama filed its petition in superior court within 19 days of the county's mailing and within the 21-day filing period. Accordingly, Yakama's petition was timely filed. We reverse the Court of Appeals and remand the case for further proceedings consistent with this opinion.

No. 97910-3

Madsen, J.

WE CONCUR:

Stephens, C.J.          Gordon McCloud, J.

Johnson, J.             Yu, J.

Owens, J.               Montoya-Lewis, J.

González, J.            Whitener, J.